Dear Commissioner Odom:
You have requested the opinion of this office as to whether a particular obligation anticipated to be issued by the Louisiana Agricultural Finance Authority ("LAFA") should be accounted for in the net state tax supported debt limit provided for in LSA-Const. Art. VII, Sec. 6(F), which constitutional provision requires the legislature to establish a limit on the amount of net state tax supported debt that is issuable each year. In accordance with Art. VII, Sec. 6(F), LSA-R.S. 39:1367 is the legislative determination of the limit of net state tax supported debt.
It is our understanding that pursuant to LSA-R.S. 3:1615, LAFA would like to enter into a multi-year line of credit arrangement with a lender in order for it to finance the Commission's boll weevil eradication activities.
LSA-R.S. 3:261, et seq., created LAFA within the Department of Agriculture and empowered it to finance programs of assistance to agriculture. By virtue of the authority set forth in LSA-R.S.3:266 and 270, LAFA has the authority to issue obligations and evidences of indebtedness. Furthermore, in accordance with LSA-R.S. 3:1615, LAFA has specific authority, on your behalf or on behalf of the Boll Weevil Eradication Commission (the "Commission"), to "fund the anticipated funds appropriated from the Boll Weevil Eradication Fund, and fees, assessments, penalties, and funds excepted from deposit into the state treasury . . . into revenue bonds or other evidence of indebtedness for the purpose of financing . . . all costs related to the eradication of boll weevils in any or all eradication zones . . .".
It is our understanding that debt service payable by LAFA to the lender will be payable from the Boll Weevil Eradication Fund and shall be subject to appropriation. We are advised that the Boll Weevil Eradication Fund is expected to be funded by: 1) annual appropriations from the State General Fund (an appropriation of $8,000,000 has been made for fiscal year 1998-99) and 2) assessments levied pursuant to referendum of affected cotton producers within eradication zone(s) (a referendum is expected to be called in September of this year and is anticipated to result in the levy of a $15 per acre assessment).
Pertinently, LSA-R.S. 39:1367E(2)(a) provides:
 "`Net state tax supported debt' means all of the following debt obligations issued by the state or any entity in the state for which the state is legally obligated to make debt service payments, either directly or indirectly:
 (i) General obligation bonds secured by the full faith and credit of the state.
 (ii) Debt secured by capital leases of immovable property payable by the state or annual appropriations of the state.
 (iii) Debt secured by statewide tax revenues or statewide special assessments.
 (iv) Bonds secured by self-supported revenues which in the first instance may not be sufficient to pay debt service and will then draw on the full faith and credit of the state."
Clearly, the obligation described does not fall under39:1367E(2)(a)(i) or (iv), as the obligation will be subject to appropriation and will not be secured by, nor will it ever draw on, the full faith and credit of the state. Nor does the debt obligation fall under 39:1367E(2)(a)(ii), as the debt will not be secured by a capital lease of immovable property (Atty. Gen. Op. 94-452). The question then becomes whether the debt obligation described falls under 39:1367E(2)(a)(iii), as the obligation will be partially payable by the per acre assessment anticipated to be adopted in September.
We have discussed this issue at length with Mr. Bud Courson, your Deputy Commissioner, as well as LAFA's bond counsel. Both your Deputy Commissioner and bond counsel have advised that the `eradication zones' that will be included in the eradication program and subject to assessment do not encompass every parish in the state. We are further advised that the assessments will be levied on a zone by zone basis and not on a statewide basis. We are further advised that certain portions of the state will never be included within any zone or zones. It is also pertinent that in accordance with LSA-R.S. 39:1612, only cotton producers are eligible to vote on the referendum on the question of the levy of the assessment and only cotton producers shall pay the assessment. The referendum does not require the vote of, nor will the assessment affect, the entire population or area of the state. It is, therefore, our opinion that the debt obligation described does not fall under LSA-R.S.39:1367E(2)(a)(iii).
Based upon the foregoing, it is the opinion of this office that the obligation described above, to be issued by the Louisiana Agricultural Finance Authority to fund a boll weevil eradication program, is not "net state tax supported debt" as provided for in LSA-Const. Art. VII, Sec. 6(F) and as defined in LSA-R.S. 39:1367.
The opinion expressed herein is strictly based upon the advice of your Deputy Commissioner and bond counsel that the assessments will never be levied statewide or on a statewide basis, but only in certain "zones" of the state, as referred to in LSA-R.S. 3:1601, et seq.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv